UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 6:14-cr-00203-09

VERSUS                            JUDGE HAIK

TYRONE HOWARD (09)                MAGISTRATE JUDGE HANNA

## RULING  ON  MOTION

Currently pending before this Court is the motion for Alfred F. Boustany, II to enroll as counsel for defendant Tyrone Howard (09).  (Rec. Doc. 237).  The undersigned, having been advised of a potential conflict of interest arising out of Mr. Boustany's proposed role as counsel for Mr. Howard, deferred ruling on the motion and held a hearing on April 29, 2015, pursuant to *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975).  For the following reasons, the motion will be granted and Mr. Boustany will be enrolled as counsel for Mr. Howard, but Lester J. Gauthier, Jr., Mr. Howard's current counsel, will remain enrolled as stand-by conflict counsel until further order of this Court.

### ANALYSIS

The defendant, Mr. Howard, was charged by five-count indictment with conspiracy to distribute and possess with intent to distribute methamphetamine. (Rec. Doc. 1).  Mr. Howard was arrested, he pleaded not guilty at his arraignment

(Rec. Doc. 52), and an attorney, Mr. Gauthier, was appointed to represent him (Rec. Doc. 55).  Thereafter, attorney Alfred F. Boustany, II, filed a motion seeking to enroll as Mr. Howard's attorney.  (Rec. Doc. 237).

Mr. Gauthier advised the undersigned that Mr. Boustany was already enrolled as counsel for Amy Messa, the claimant in a civil forfeiture action involving the alleged use of a 2013 Jeep Wrangler in the transportation of methamphetamine, styled *United States of America v. 2013 Jeep Wrangler Sport Utility Vehicle VIN 1C4BJWCG4DL590788*, Civil Action No. 6:14-cv-02080 on the docket of the United States District Court for the Western District of Louisiana.  Ms. Messa is alleged to be the owner of the vehicle, and the persons who allegedly used Ms. Messa's vehicle to transport methamphetamine are also named in the indictment along with Mr. Howard.  Therefore, it is possible that Ms. Messa may be called as a witness in Mr. Howard's trial.

It is presumed that Mr. Boustany has engaged in conversations with Ms. Messa in which she communicated confidential information that is protected by the attorney-client privilege.  Should Mr. Boustany be permitted to enroll as counsel for Mr. Howard, he will presumably engage in similar conversations with Mr. Howard, in which confidential information that is protected by the attorney-client privilege will be revealed.  Therefore, if Mr. Boustany is permitted to enroll as counsel for Mr.

-2-

Howard, and if Mr. Howard goes to trial, Mr. Boustany will be unable to effectively cross-examine Ms. Messa.  Confidential information obtained from Ms. Messa might also be germane if a plea arrangement were offered to Mr. Howard or if Mr. Howard were found guilty and was to be sentenced.

This Court's Local Rule 83.2.4W adopts by reference the Louisiana Rules of Professional Conduct.  Rule 1.7 of the Louisiana Rules of Professional Conduct states that:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if... there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client....
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

When he became aware that Mr. Boustany's representation of both Mr. Howard and Ms. Messa presented a potential conflict of interest, Mr. Gauthier ceased

communicating with Mr. Howard and advised the undersigned of the situation.  The undersigned then convened a hearing under *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975), which established detailed procedures for determining whether a defendant has or can knowingly and intentionally waive a conflict of interest.

On April 30, 2015, a *Garcia* hearing was held.  Mr. Howard, Ms. Messa, Mr. Gauthier, and Mr. Boustany were all present at the hearing along with Assistant United States Attorney Myers Namie.  The undersigned explained the potential conflicts of interest that do exist but found that there is no concurrent or actual conflict of interest at this time.  Mr. Howard and Ms. Messa both expressed their desire to continue to be represented by Mr. Boustany.

The undersigned questioned both Mr. Howard and Ms. Messa at the hearing and found both of them to be competent to waive the potential conflicts of interest that currently exist.  Both stated that they understand the potential for conflicts of interest that this situation presents.  Both stated that they wish to waive the potential conflicts that exist at this time.  The undersigned explained that, should an actual conflict arise, the conflict might not be waivable.  Both Mr. Howard and Ms. Messa indicated that they understand.  Both executed waiver forms.  Accordingly,

IT IS ORDERED that the undersigned accepts the conflict waivers signed by Mr. Howard and Ms. Messa, with the understanding that, if an actual conflict

-4-

develops, another hearing will be held in order to evaluate whether the actual conflict can validly be waived.

IT IS FURTHER ORDERED that Mr. Gauthier, Mr. Boustany, and Mr. Namie shall each promptly advise the undersigned if he becomes aware of an actual conflict of interest presented by Mr. Boustany's representation of both Mr. Howard and Ms. Messa.

IT IS FURTHER ORDERED that Mr. Boustany is enrolled as counsel for Mr. Howard in this matter.

IT IS FURTHER ORDERED that Mr. Gauthier shall remain enrolled in this matter as stand-by conflict counsel for Mr. Howard until further order of this Court.

Signed at Lafayette, Louisiana, this 29th day of April 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE